**PETITIONERS FOR the DISSOLUTION OF the CITY OF SKAGWAY AND INCORPORATION OF A SKAGWAY BOROUGH, Appellant,**

v.

**LOCAL BOUNDARY COMMISSION, Appellee.**

No. S–12376.

Supreme Court of Alaska.

July 3, 2008.

Robert P. Blasco, Robertson, Monagle & Eastaugh, Juneau, for Appellant.

Michael G. Mitchell, Assistant Attorney General, Anchorage, Talis J. Colberg, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, and
CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I.  INTRODUCTION

Petitioners appeal the superior court's ruling that they do not qualify as public interest litigants and thus cannot invoke an exception to the attorney's fee schedule set forth in Alaska Civil Rule 82. The exception does not apply if the suit was or could have been brought by a public entity. Here, the City of Skagway could have brought—and, through Petitioners, evidently did bring—the suit at issue. We thus affirm that the public interest litigant exception is not available to Petitioners, and Rule 82 applies.

1. The petition was eventually approved in 2007.

2. It should be noted that in 2003 the Alaska Legislature modified and redirected the public interest litigant exception. *See* AS 09.60.010(b); ch. 86, § 2, SLA 2003. The case at hand was

## II.  FACTS AND PROCEEDINGS

In 2001 "Petitioners for the Dissolution of the City of Skagway and the Incorporation of a Skagway Borough" (Petitioners) filed a petition with the Local Boundary Commission to dissolve the City of Skagway and form the Borough of Skagway. The Commission denied the petition. Petitioners appealed the Commission's decision in the superior court alleging that the Commission had improperly adopted and imposed a new legal requirement in violation of due process and the Administrative Procedure Act (APA). The court ruled in favor of Petitioners and remanded the matter to the Commission.[1]

In September 2005 Petitioners filed a motion for attorney's fees in which they made a "prevailing party" claim for *all* fees incurred in the appeal. The Commission opposed the motion; it conceded that Petitioners were the prevailing party but argued that they were entitled "only to an award of *partial* attorney's fees" under Civil Rule 82. (Emphasis in original.) Petitioners replied, asserting that, as public interest litigants, they were entitled to an award of full reasonable attorney's fees. The Commission moved for and was granted leave to submit additional briefing on the issue of Petitioners' status as public interest litigants. In its supplemental brief, the Commission disputed that Petitioners were public interest litigants, because, it asserted, it was "the City of Skagway [that] bankrolled the action, directed it, and is the real litigant here."

The superior court held oral argument and issued a written decision on January 11, 2006, in which it applied a well-established test to determine whether the public interest litigant exception applies.[2] The test requires that (1) the case be designed to effectuate strong public policy; (2) numerous people would benefit from the suit if successful; (3) only a private party could have been expected to bring the suit; and (4) the litigant lacked sufficient economic incentive to bring the suit.[3] The court found that

filed prior to September 11, 2003—the effective date of the act.

3. *See, e.g., Matanuska Elec. Ass'n v. Rewire the Bd.,* 36 P.3d 685, 696 (Alaska 2001) (citing *Kenai*

Petitioners met the first three criteria. As to the fourth criterion, the court concluded that it "lack[ed] sufficient detailed information of the petitioners' identities and economic interests (or lack thereof)" to determine whether Petitioners sufficiently lacked financial incentive to bring the suit. The court gave the parties fifteen days to submit "evidence of the make-up of the Skagway petitioners' group and their economic interest, if any."

The Commission moved for reconsideration of the order. It disputed the court's finding that Petitioners had met the third part of the test requiring that only a private party could have brought the suit.[4] The Commission took issue with the court's determination that "[t]he City of Skagway could not have brought this suit against the Commission because it is prohibited from bringing due process and equal protection claims against the state." On the contrary, the Commission asserted, the City could have brought the same suit under the APA and, "for all practical purposes *did* [ ] bring it." The Commission requested that, in the event that its motion was denied (which it was), the court "evaluate the evidence that [would] be submitted in response to its Order to determine whether it shows that the 'Petitioners for the Dissolution of the City of Skagway ...' is a group that actually exists and functions separately from and independently of the City."

In response to the court's request for supplemental evidence, Petitioners submitted thirty-three affidavits from various members of the group, each of which stated that the individual affiant had "nothing to gain financially from the appeal." The court noted that Petitioners' affidavits amounted to "satisfactory evidence illustrating that, individually, most of the members assert that they lack sufficient economic incentive to bring suit." For its part, the Commission submit-

ted an affidavit from a local government specialist and numerous additional documents, which, it claimed, showed

(1) that economic incentives did drive the petition and the appeal; (2) that the City, as well as the individuals collectively, had economic interests in suing in their own right; and (3) that they petitioned and appealed in order to protect their own local economic interests, and not to effectuate any strong public policies beyond protecting their own interests.

Based on the evidence submitted by the Commission, the court found that "Petitioners were controlled and acting at the behest of Skagway." Based on that finding it held that "Petitioners [were] therefore not entitled to public interest litigant status."

Petitioners appeal the superior court's determination that they are not public interest litigants. They assert that the court misapplied the four-part test and erroneously gave undue weight to the role of the City of Skagway, a non-party to the litigation whose interests, Petitioners argue, are not germane to the appeal.

## III. DISCUSSION

### A. Standard of Review

■ The applicable standard of review of a superior court's determination of a party's status as public interest litigants is abuse of discretion.[5] Under this standard, the lower court's decision should be reversed only where it appears to be "manifestly unreasonable or motivated by an inappropriate purpose."[6] Where the decision depends on findings of fact made by the trial court, such findings must be upheld unless they are clearly erroneous.[7]

### B. The Public Interest Litigant Exception to Rule 82 Does Not Apply to Government–Initiated Litigation.

■ Alaska Rule of Civil Procedure 82(a) provides for partial recovery of attorney's

---

*Lumber Co. v. LeResche,* 646 P.2d 215, 222–23 (Alaska 1982)).

4. *Rewire the Bd.,* 36 P.3d at 696.

5. *See Fairbanks N. Star Borough v. Interior Cabaret, Hotel, Rest. & Retailers Ass'n,* 137 P.3d 289, 291 (Alaska 2006).

6. *Kenai Lumber Co. v. LeResche,* 646 P.2d 215, 222 (Alaska 1982) (citation omitted).

7. Alaska R. Civ. P. 52(a); *see also Alaska N. Dev., Inc. v. Alyeska Pipeline Serv. Co.,* 666 P.2d 33, 39 (Alaska 1983).

fees for the prevailing party in a civil suit.[8] This court has developed an exception to this rule in cases "involving issues of genuine public interest" to prevent the rule "from deter[ring] citizens from litigating questions of general public concern for fear of incurring the expense of the other party's attorney's fees."[9] The offensive corollary to this "protective" exception is that where a public interest litigant *prevails*, the litigant is not limited to the partial recovery scheme set forth in Rule 82 but can, rather, recover up to one hundred percent of its attorney's fees.[10]

■ This policy-driven exception does not apply where, as here, the litigation was, or could have been, initiated by a public entity such as a local government. As noted above, the third part of the test requires that "only a private party could be expected to bring the suit."[11] The superior court found that the City of Skagway—a public entity—controlled the petition and ensuing appeal. Given the evidence submitted by the Commission, this finding is not clearly erroneous[12] and we may not disturb it. Petitioners are essentially acting as private attorneys general on behalf of the City's interests and the broader public interest that is consistent with the City's interests. The City would be precluded from claiming public interest litigant status here, and it follows that this bar should apply to parties litigating in its stead.[13]

Petitioners argue that the City of Skagway could not have instituted the appeal, because, as the superior court noted, the City was "prohibited from bringing due process and equal protection claims against the state." This argument lacks merit. Petitioners ultimately prevailed on statutory, not constitutional grounds. The City could have raised this argument with the same result. Even assuming that Petitioners' victory could only have been secured by raising the constitutional due process argument and that the City would have been barred from raising this argument, this would not be a sufficient reason to permit an agent of the City (here, Petitioners) to be considered independent of the City for purposes of circumventing the third part of the public interest litigant test. The litigation still would be brought at the behest of the City.

Last, asserting that the court erred in "considering supplemental briefing and a supplemental affidavit from the Local Boundary Commission without allowing the Petitioners any opportunity to respond," Petitioners have requested that, in the event that we affirm the superior court's ruling, we remand to allow them further briefing on the issue. We decline to do so. Petitioners were put on notice by the Commission's motion for reconsideration of January 24, 2006, that the Commission claimed that the City controlled the litigation. Petitioners filed affidavits subsequent to this motion but chose not to focus on the issue of City control. Further, they do not claim that the court's conclusion regarding City control is factually as distinct from legally wrong. As to the latter point they have had a full opportunity for briefing in this court.

---

8. Where, as here, a case goes to trial but no money judgment is awarded, the prevailing party can recover thirty percent of its fees, although the court has broad latitude to vary the award at its discretion. Alaska R. Civ. P. 82(b)(2)-(3).

9. *Kenai Lumber Co.*, 646 P.2d at 222 (quotations and citation omitted); *see also Gilbert v. State*, 526 P.2d 1131, 1136 (Alaska 1974) (holding that "[i]t is an abuse of discretion to award attorney's fees against a losing party who has in good faith raised an issue of genuine public interest before the courts").

10. *See State v. Native Vill. of Nunapitchuk*, 156 P.3d 389, 392 n. 2 (Alaska 2007) (citing *Anchorage v. McCabe*, 568 P.2d 986, 989–91 (Alaska 1977) and *Gilbert*, 526 P.2d at 1136).

11. *E.g., Rewire the Bd.*, 36 P.3d at 696 (citing *Kenai Lumber Co.*, 646 P.2d at 222–23).

12. *See Alaska N. Dev.*, 666 P.2d at 39.

13. Petitioners argue that our decision in *Hickel v. Southeast Conference*, 868 P.2d 919 (Alaska 1994), compels a contrary result. In *Hickel*, we upheld an award of attorney's fees and costs to the Mat–Su Borough and other litigants, all of whom claimed public interest litigant status. *Id.* at 922. In that case, however, the state did not contest the litigants' public interest status, *id.*, so the issue of whether the borough, a public entity, qualified as a public interest litigant was not properly before us; we did not purport to pass on it.

## IV. CONCLUSION

The decision of the superior court is AFFIRMED.